SECOND DEPARTMENT, OCTOBER, 1966

(October 3, 1966)

■ MATHILDE BECKER, Respondent, v. ROBERT W. BELFI, Appellant.— In a negligence action to recover damages for personal injury, defendant appeals from two orders of the Supreme Court, Queens County: (1) an order entered March 1, 1966, which denied his motion to vacate an inquest and to grant judgment in his favor dismissing the action on the ground of lack of jurisdiction over his person; and (2) so much of an order entered May 10, 1966, as denied his motion to open his default and to vacate a default judgment in plaintiff's favor against him. Order of May 10, 1966 reversed insofar as appealed from, with $50 costs and disbursements to respondent; and defendant's motion granted to the extent of opening his default and permitting him to answer, upon the following conditions: (a) that he pay plaintiff's costs of $192.50 as taxed in the default judgment; and (b) that he pay the $50 costs and disbursements awarded to respondent on this appeal. In the event that defendant complies with the conditions, the judgment shall stand as security pending the final disposition of the action; and the answer and demand for a bill of particulars printed in the papers on appeal shall be deemed to have been duly served as of the date of defendant's compliance with the conditions. Defendant's time to comply with the conditions is extended until 20 days after entry of the order hereon. Appeal from order entered March 1, 1966 dismissed, without costs, in view of the above disposition and appellant's consent to waive his claim that the summons was not served upon him. The record amply demonstrates that the default in answering was not a deliberate act. An attempt was made to serve an answer approximately 40 days after service of the complaint, but the answer was rejected by plaintiff as untimely.

Moreover, defendant has presented a factual picture which suggests at least an arguable defense and one that ought to be tested on the merits. Under all the circumstances, it was an improvident exercise of discretion for Special Term to deny defendant his day in court on the merits. However, the manner in which the default was allowed to occur and continue, although not deliberate, requires the imposition of strict conditions (see *Hensey Props.* v. *Lamagna,* 23 A D 2d 742; Siegel, Supplementary Practice Commentary to CPLR 5015, McKinney's Cons. Laws of N. Y., Book 7B, CPLR, Pocket Part, 1965). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.